**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-01803-WJM-CBS

RAMADAN NASIR MOHAMED,

Plaintiff,

v.

JANET NAPOLITANO, Secretary U.S. Department of Homeland Security,
JOHN LONGSHORE, Denver Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations,

Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

---

Plaintiff Ramadan Nasir Mohamed brings this action against Defendants Janet Napolitano, Secretary of the Department of Homeland Security, and John Longshore, Denver Field Office Director for Immigration and Customs Enforcement. Plaintiff alleges that his removal from the United States violated his rights and asks the Court to issue a writ of habeas corpus compelling the Defendants to promptly return Plaintiff to the United States. (Complaint (ECF No. 1) pp. 8-9.)

Before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion"). (ECF No. 13.) For the reasons set forth below, the Motion is granted and this action is dismissed without prejudice.

## I. LEGAL STANDARD

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction

over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## II. FACTUAL BACKGROUND

Because Defendants' Motion does not challenge any factual assertions brought by Plaintiff, the Court takes all facts pled in the Complaint as true. *Holt*, 46 F.3d at 1002. Plaintiff Ramadan Mohamed ("Plaintiff") is a native and citizen of Libya who has lived in the United States since 1975. (Compl. ¶ 6.) Plaintiff was granted asylum status in 1989 and later adjusted his status to that of a lawful permanent resident. (*Id*.) Plaintiff was previously married to a U.S. citizen and has two children (ages 22 and 23) who are U.S. citizens. (*Id*.)

On November 24, 2010, Plaintiff was served with a Notice to Appear for removal proceedings based on his prior convictions for two crimes involving moral turpitude. (*Id*. ¶ 7.) Plaintiff appeared *pro se* at these proceedings and did not contest his removal. (*Id*.) The Immigration Judge entered an Order of Removal on January 5, 2011. (*Id*.)

Plaintiff then obtained counsel and filed a Motion to Reopen his removal proceedings. (*Id*. ¶ 9.) Plaintiff also filed motion requesting a stay of his removal order pending consideration of his Motion to Reopen. (*Id*. ¶ 10.) On the afternoon of February 15, 2011, the Immigration Judge signed an order granting Plaintiff's request to stay. (*Id*. ¶ 11.) The order was served on Defendants sometime the following day. (*Id*.) However, on the morning of February 16, 2011, Defendants executed the removal order by placing Plaintiff on a plane bound for Dulles Airport in Washington D.C. and then a flight to Frankfurt, Germany. (*Id*. ¶ 12.) Neither party has heard from Plaintiff since his removal. (ECF No. 20 at 6.)

Based on these facts, Plaintiff contends that his removal was unlawful because the removal order had been stayed by the Immigration Judge. (*Id.* ¶ 16.)

**III. ANALYSIS**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As Congress creates the scope of the federal court's jurisdiction, it can also limit such jurisdiction. *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978) ("The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."). Defendants argue that Congress has stripped the Court of jurisdiction over Plaintiff's claims by way of 8 U.S.C. § 1252(g). (Mot. at 7.) Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The Supreme Court has construed § 1252(g) narrowly and held that it applies "only to three types of discretionary decisions by the Attorney General—specifically, to commence proceedings, to adjudicate cases, or to execute removal orders." *I.N.S. v. St. Cyr*, 533 U.S. 289, 311 n.34 (2001) (citing *Reno*, 525 U.S. at 486-87).

Plaintiff's claims in this case clearly arise from the decision to execute the

removal order by putting Plaintiff on a plane to Libya. (Compl. ¶¶ 20-31.) Thus, his claims fall within the three types of decisions outlined in Section 1252(g). Plaintiff argues that Section 1252(g) does not apply to his claims, however, because the decision to execute his removal order was not discretionary. (Opp. at 3.) Plaintiff contends that Defendants did not have the discretion to execute the removal order because the Immigration Judge had stayed the order. (*Id.*)

Plaintiff's argument fails because the Tenth Circuit has held that Section 1252(g) applies to both discretionary and non-discretionary decisions:

> Although the Supreme Court in *AADC* considered discretionary actions to which § 1252(g) applies, "it did not explicitly state that the provision applies only to review of discretionary decisions by the Attorney General in these areas and not to review of non-discretionary decisions." *Foster v. Townsley*, 243 F.3d 210, 214 (5th Cir. 2001). To the contrary, explained the Fifth Circuit, the plain language of § 1252(g) speaks of " 'any cause or claim' that 'aris[es] from the decision or action by the Attorney General' in the three areas." *Id.* (quoting 8 U.S.C. § 1252(g)). For this reason, just as it was necessary for the Fifth Circuit in *Foster*, we must determine whether Mr. Tsering's claims "arise from" actions over which § 1252(g) precludes judicial review. We conclude that they do.

*Tsering v. U.S. Immigration & Customs Enforcement*, 403 F. App'x 339, 342 (10th Cir. 2010). Therefore, regardless of whether the Attorney General's decision was discretionary or non-discretionary, if the action arises from the decision to execute a removal order, the Court lacks jurisdiction. *Id*. Because Plaintiff's claims in this action relate directly to the decision to execute his removal order, the Court finds that it lacks jurisdiction over Plaintiff's claims in this case pursuant to 8 U.S.C. § 1252(g).

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED. Plaintiff's claims in this case are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk shall enter judgment in favor of Defendants.

Dated this 12th day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge